708 P.2d 325

**In the Matter of John W. STANTON an Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 15788.**

Supreme Court of New Mexico.

Oct. 29, 1985.

Virginia Ferrara, Chief Disciplinary Counsel, Albuquerque, for disciplinary Bd.

John W. Stanton, Clovis, pro se.

## OPINION

This matter having come before this Court on October 2, 1985, after completion of disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.1985), wherein Attorney John W. Stanton was found to have engaged in conduct involving moral turpitude resulting in his conviction for the crime of attempted criminal sexual contact in the fourth degree in violation of NMSA 1978, Section 30–9–12 (Repl.Pamp.1984), the Court adopts the findings and conclusions of the Disciplinary Board and the Board's recommendation that Stanton be disbarred.

Stanton, an assistant public defender, was charged with attempting to commit criminal sexual contact on the person of one of his female clients on February 5, 1985. Stanton entered a plea of nolo contendere to this charge on February 13, 1985. He was given a deferred sentence and placed on probation for a period of one (1) year. In the disciplinary proceeding, Stanton filed no answer or other written response denying the allegations in the criminal complaint that led to his nolo contendere plea. Nor did he appear at the hearing before the hearing committee of the Disciplinary Board. As provided under NMSA 1978, Disc.Brd.P.R. 10(c)(2) (Repl. 1985), the allegations charged in the criminal complaint were deemed admitted by the hearing committee. The hearing committee also found that Stanton had made similar sexual advances to another client.

In a letter mailed to the hearing committee chairman, Stanton suggested that his misconduct might have been attributable to his alleged exposure to "Agent Orange." The committee specifically rejected this claim as having no support in the evidence. It further found that Stanton had demonstrated neither remorse concerning his conviction nor anything more than a casual interest in the disciplinary proceedings. We note that on March 13, 1985, a hearing was held before this Court on Stanton's petition to resign filed pursuant to NMSA 1978, Rules Governing Discipline, Rule 14 (Repl.P1985). After a hear-

 

ing, for which Stanton did not appear, the Court summarily suspended Stanton and rejected his petition to resign and referred this matter to the Disciplinary Board for further proceedings. Rule 14 is not intended as an alternative to the disciplinary process for attorneys convicted of criminal acts who wish to avoid discipline or other sanctions which the Court may impose. This Court has an obligation to both the public and the profession to insure that acts that constitute a violation of the Code of Professional Responsibility will result in appropriate disciplinary action.

■ Stanton has engaged in conduct involving moral turpitude, conduct adversely reflecting upon his fitness to practice law, and conduct during the attorney-client relationship which was damaging to his client in violation of NMSA 1978, Code of Prof. Resp.Rules 1–102(A)(3), 1–102(A)(6) and 7–101(A)(3) (Repl.1985).

■ The Disciplinary Board has recommended that we impose certain preconditions to any application for reinstatement by Stanton. We do not believe it appropriate at the time of disbarment to establish conditions for readmission. When an attorney has been disbarred, the Court should not encourage his reapplication.

IT IS THEREFORE ORDERED that Stanton be and hereby is disbarred, and his license to practice law in New Mexico is revoked.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike forthwith, the name of John W. Stanton from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the *New Mexico Reports* and in the State Bar of New Mexico *News and Views*.

The costs of this proceeding in the amount of $328.98 are hereby assessed against Stanton and must be paid to the Disciplinary Board on or before November 29, 1985.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior J., and RIORDAN, STOWERS and WALTERS, JJ., concur.